LAURA E. DUFFY
United States Attorney
ROSA P. CATANIA
Special Assistant U.S. Attorney
Pennsylvania Bar No. 310188
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7726
Facsimile: (619) 546-7751
email: Rosa.Catania@usdoj.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> PEDRO J. MEDINA, <br><br> Respondent. | Case No. **'12CV1250 BTM MDD** <br><br> **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** <br><br> Date: June 29, 2012 <br> Time: 2:00 p.m. <br> Crtrm: 15 <br> The Honorable Barry T. Moskowitz |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Rosa P. Catania, Special Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2. Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because Pedro J. Medina ("Respondent") is found within this district.

///

4.      At all times relevant, Jimmy F. Greene, who is the officer handling the case, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division of the IRS in San Diego, California, and was authorized to take testimony and receive documents requested in the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. See Declaration of Revenue Officer Jimmy F. Greene at ¶¶ 1,3 ("Greene Decl.").

5.      Respondent can be found at 9409 Avenida Acero, Spring Valley, California 91977, which is within the geographical jurisdiction of this Court.

6.      On September 22, 2011 Revenue Officer Greene issued an IRS Summons, IRS Form 6637 ("Summons"). The summons directed Respondent to appear before him on October 12, 2011 in order to give testimony and produce for examination documents and records specified in the Summons. See Greene Decl. at ¶¶ 3, 5. The Summons relates to an investigation of Respondent's ability to pay the income tax liability assessed against him for the 2008 tax year. See Greene Decl. at ¶¶ 2, 3. A copy of the Summons is attached to Greene Decl. as Exhibit A.

7.      On September 22, 2011, in accordance with 26 U.S.C. § 7603, Revenue Officer Greene served the summons on Respondent by attaching an attested copy to the door at Respondent's last and usual place of abode. In addition, Revenue Officer Greene confirmed Respondent's home address with a neighbor who was over the age of 18 and also with Respondent's father. See Greene Decl. at ¶ 4. A copy of the Certificate of Service is attached to the Greene Declaration as Exhibit B.

8.      On October 12, 2011, Respondent did not appear before Revenue Officer Greene in response to the Summons and did not provide any of the books, papers, records, or other data sought by the summons. Greene Decl. at ¶ 6.

9.      On December 2, 2011, Jeffrey A. Schlei, an attorney with the IRS Office of Chief Counsel sent a letter to Respondent providing him with another opportunity to comply with the summons and directed him to appear before Revenue Officer Greene on December 20, 2011, at 9:00 a.m. Greene Decl. at ¶ 7. A copy of the letter is attached to the Greene Declaration as Exhibit C.

10.     Respondent did not appear on December 20, 2011, and did not provide any of the summonsed information. Greene Decl. at ¶ 8.

///

2

1       11.    When Respondent failed to appear for the second time, Revenue Officer Greene requested that IRS Office of Chief Counsel refer this case to the U.S. Attorney's Office for enforcement of the summonses. Id. at ¶ 9.

      12.    On March 21, 2012, the undersigned sent a letter to Respondent directing him to comply with the issued summons and to appear before Revenue Officer Greene on April 17, 2012. Id. A copy of the letter is attached to the Greene Declaration as Exhibit D.

      13.    To date, Respondent has not provided the IRS with any of the information requested by the issued summons. Greene Decl. at ¶ 12.

      14.    All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken. Greene Decl. at ¶ 14.

      15.    In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration of the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls upon the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995). In sum, the court must enforce the summons unless the evidence sought is "plainly incompetent or irrelevant to any lawful purpose of the agency." E.E.O.C. v. Karuk Tribe Housing Auth., 260 F.3d 1071, 1076 (9th Cir. 2001) (citation omitted).

///

16. Revenue Officer Greene is conducting an investigation to determine Respondent's ability to pay assessed income tax liabilities for the 2008 tax year. See Greene Decl. at ¶ 2.

17. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). The purpose for issuing a summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). Therefore, Revenue Officer Greene's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

18. Further, the testimony, books, papers, records, and other data sought by the issued summons are not already in the possession of the IRS. Greene Decl. at ¶ 13.

19. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

20. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summonsed information may "throw light upon" the subject of the investigation. United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summonsed records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period. The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes. 26 U.S.C. § 7601(a).

///

21. Under the instant circumstances, it is clear that the summonsed material is relevant. One purpose of Revenue Officer Greene's investigation is to determine Respondent's ability to pay the income tax liabilities assessed against him. The summons seeks, among other things, "all documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the tax payers benefit [including]. . . all bank statements, checkbooks, cancelled checks, savings account passbooks, records, or certificates of deposit . . ." Greene Decl. at Exhibit A. The documents sought by this summons are relevant to the determination of the collectibility of the income tax liability assessed against Respondent. Greene Decl. at ¶15.

22. There is no Department of Justice referral in effect with respect to Respondent. Greene Decl. at ¶ 16.

WHEREFORE, the United States requests that:

1. The Court enter an order directing Respondent, Pedro J. Medina, to show cause, if any, why he should not comply with and obey the Summons served on September 22, 2011, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Officer Greene, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Officer Greene or any other proper officer or employee of the IRS.

2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3. That the Court grant such other and further relief as may be required.

DATED: May 23, 2012                Respectfully Submitted,

                                   LAURA E. DUFFY
                                   United States Attorney

                                   s/ Rosa P. Catania
                                   _____
                                   ROSA P. CATANIA
                                   Special Assistant United States Attorney
                                   Attorneys for Petitioner
                                   E-Mail: rosa.catania@usdoj.gov

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The United States of America

### DEFENDANTS
Pedro J. Medina

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rosa P. Catania, Special Assistant U.S. Attorney; Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego,

Attorneys (If Known)
'12CV1250 BTM MDD

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | PERSONAL INJURY [ ] 362 Personal Injury - Med. Malpractice [ ] 365 Personal Injury - Product Liability [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345
Brief description of cause:
Petition to Enforce Internal Revenue Service Summons

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 05/23/2012
SIGNATURE OF ATTORNEY OF RECORD: *Rosa Catania*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

LAURA E. DUFFY
United States Attorney
ROSA P. CATANIA
Special Assistant U.S. Attorney
Pennsylvania Bar No. 310188
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7726
Facsimile:  (619) 546-7751
email: rosa.catania@usdoj.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Petitioner, | DECLARATION OF REVENUE OFFICER JIMMY F. GREENE |
| v. | |
| PEDRO J. MEDINA, | |
| Respondent. | |

I, Jimmy F. Greene, a Revenue Officer herein, declare:

1. At all times mentioned herein, I was a duly commissioned Revenue Officer employed in the California Area, Laguna Niguel Territory, Group 28, of the Small Business/Self-Employed Division of the Internal Revenue Service ("IRS"), with a post of duty at San Diego, California.

2. In my capacity as a Revenue Officer, I was conducting an investigation with respect to Respondent Pedro J. Medina's ("Respondent") ability to pay his individual income tax liability for the 2008 tax year.

3. In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, on September 21, 2011, our office issued a Collection Information Statement ("Collection Summons"), IRS Form 6637, to Respondent in connection with the investigations set forth above. The summons required Respondent to give testimony and produce for examination documents and records described in the summons. A true and correct copy of the Collection Summons is attached to this declaration as

1 | Exhibit A.

2 |   4.  On September 22, 2011, I served the Collection Summons on Respondent in accordance
3 | with 26 U.S.C. § 7603, by attaching an attested copy of the summons to the door at Respondent's last
4 | and usual place of abode. In addition, I confirmed his home address with a neighbor who was over the
5 | age of 18 and also with Respondent's father. A true and correct copy of the Certificate of Service
6 | relating to the Summons is attached to this Declaration as Exhibit B.

7 |   5.  The summons called for the Respondent to appear before me at 9:00 a.m. on October
8 | 12, 2011.

9 |   6.  Respondent did not appear on October 12, 2011 and did not provide any of the
10 | summonsed information.

11 |   7.  On December 2, 2011, at my request, Jeffrey A. Schlei, an attorney with the IRS Office
12 | of Chief Counsel, sent a letter to Respondent directing him to comply with the Collection Summons and
13 | to appear before me on December 20, 2011, at 9:00 a.m. at 880 Front Street, Suite 3295, in San Diego,
14 | California. I received, reviewed, and maintained a copy of the letters for her records. A true and correct
15 | copy is also attached to this Declaration as Exhibit C.

16 |   8.  Respondent failed to appear on December 20, 2011 and failed to provide any of the
17 | summonsed information.

18 |   9.  After Respondent failed to appear for the second time, I requested that IRS Office of
19 | Chief Counsel refer this case to the U.S. Attorney's Office for enforcement of the Summons.

20 |   10.  On March 21, 2012, at my request, Rosa P. Catania, the Special Assistant U.S. Attorney
21 | handling the case, sent a letter to Respondent directing him to comply with the Collection Summons and
22 | to appear before me on April 17, 2012, at 9:00 a.m. at 880 Front Street, Suite 3295, in San Diego,
23 | California. I received, reviewed and maintained a copy of the letter for my records. A true and correct
24 | copy is also attached as Exhibit D.

25 |   11.  Respondent failed to appear on April 17, 2012, and failed to provide any of the
26 | summonsed information.

27 |   12.  To date, Respondent has not provided the IRS with any of the testimony or documents
28 | requested in the Collection Summons.

13. The testimony, books, papers, records and other data sought by the Collection Summonses are not already in the possession of the IRS.

14. All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken.

15. It is necessary to obtain the testimony and to examine the books, papers, records, and other data sought by the Collection Summons, Exhibit A, in order to determine Respondent's ability to pay his outstanding income tax liabilities for 2008 tax year.

16. There is no Department of Justice referral in effect with respect to Respondent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief, and based upon records maintained in the ordinary course of business.

Executed this 23 day of May, 2012

JIMMY F. GREENE
Revenue Officer
Internal Revenue Service

# Exhibit A



# Summons

## Collection Information Statement

**In the matter of** PEDRO J MEDINA, 9409 AVENIDA ACERO, SPRING VALLEY, CA 91977
**Internal Revenue Service** *(Identify Division)* SMALL BUSINESS/SELF EMPLOYED
**Industry/Area** *(Identify by number or name)* SB/SE AREA 7 (27)
**Periods:** Form 1040 for the calendar period ending December 31, 2008

**The Commissioner of Internal Revenue**

**To:** PEDRO J MEDINA
**At:** 9409 AVENIDA ACERO, SPRING VALLEY, CA 92111-1321

You are hereby summoned and required to appear before J. F. GREENE, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From 06/01/2011 To Current

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:

880 FRONT STREET, SAN DIEGO, CA 92101-8897 (619) 615-9442

**Place and time for appearance:** At 880 FRONT STREET, SUITE 3295, SAN DIEGO, CA 92101-8897

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 6637 (Rev. 10-2010)
Catalog Number 25000Q

on the 12th day of October, 2011 at 9:00 o'clock a m.

Issued under authority of the Internal Revenue Code this 21st day of September, 2011

J. F. GREENE   _[signature]_
Signature of issuing officer

REVENUE OFFICER
Title

_____
Signature of approving officer *(if applicable)*

_____
Title

**Original -- to be kept by IRS**

# Exhibit B



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 9/22/2011 | 10:30 am |

**How Summons Was Served**

☐ I handed an attested copy of the summons to the person to whom it was directed.

☒ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*.

Signature: [signed]     Title: Revenue Officer

I certify that the copy of the summons served contained the required certification.

Signature: [signed]     Title: Revenue Officer

Catalog No. 25000Q     Form **6637** (Rev. 10-2010)

# Exhibit C



**OFFICE OF THE CHIEF COUNSEL**

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
701 B STREET, SUITE 901
SAN DIEGO, CALIFORNIA 92101
(619) 744-7105
FAX: (619) 557-6581

DEC 02 2011

CC:SB:8:SD:2:JASchlei
GL-149120-11

**Via Regular Mail**

Pedro J. Medina
9409 Avenida Acero
Spring Valley, CA 91977

Dear Mr. Medina:

Small Business/Self-Employed California Area Collection of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on September 22, 2011. Under the terms of the summons, you were required to appear before Revenue Officer J.F. Greene on October 12, 2011.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons. To avoid such proceedings, you are to appear before Revenue Officer:

        Name:    J.T. Greene
        Date:    December 20, 2011
        Time:    9:00 a.m.
    Address:    880 Front Street, Suite 3295
                   San Diego, CA 92101

GL-149120-11                                               2

Any books, records or other documents called for in the summons should be produced at that time. If you have any questions, please contact Revenue Officer Greene at (619) 615-9442.

                                                Sincerely,

                                                /s/
                                      Jeffrey A. Schlei
                                      Senior Attorney (San Diego, Group 2)
                                      (Small Business/Self-Employed)

cc:    R/O Greene

# Exhibit D



**U.S. Department of Justice**

*Laura E. Duffy*
United States Attorney
Southern District of California

Rosa P. Catania        (619) 546-7726
Special Assistant United States Attorney    Fax (619) 557-5004

San Diego County Office        Imperial County Office
Federal Office Building        516 Industry Way
880 Front Street, Room 6293     Suite C
San Diego, California 92101-8893   Imperial, California 92251-7501

March 21, 2012

VIA MAIL
Pedro J. Medina
9409 Avenida Acero
Spring Valley, California 91977

       Re: Enforcement of IRS Summons Served September 22, 2011

Dear Mr. Medina:

       I have just concluded a meeting with IRS Revenue Officer Jimmy F. Greene concerning your failure to comply with an IRS summons issued to you on September 22, 2011. He informs me that you have failed to appear and failed to produce any of the documents and testimony required by the summons.

       Please be advised that this office is authorized to initiate legal proceedings against you to enforce your compliance with the summons. See 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345. Under these and other relevant provisions of law, the court is authorized to compel compliance with the summonses through its contempt powers, which include the power to imprison.

       If you have retained counsel to represent you in this matter, please direct him or her to contact me. If you wish to avoid the initiation of enforcement proceedings in federal court, you must appear before IRS Revenue Officer Jimmy F. Greene by **April 17th, 2012 at 9:00 a.m.** at 880 Front Street, Room 3295, San Diego, CA 92101, to give testimony and produce all of the documents specified in the summons.

                                Sincerely,
                                LAURA E. DUFFY
                                United States Attorney

                                *Rosa Catania*
                                ROSA P. CATANIA
                                Special Assistant U.S. Attorney

cc: Jeffrey A. Schlei, IRS Chief Counsel
     IRS Agent Jimmy F. Greene